✎AO 247 (NC/W 03/08) Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| CHARLES LEROY MEEKS, Jr. ) | Case No: 3:99CR00092-001 |
| ) | USM No: 14918-058 |
| Date of Previous Judgment: February 14, 2005 ) | Richard L. Brown |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ❒ the Director of the Bureau of Prisons ❒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ❒ DENIED.   ■ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of  121  months **is reduced to**  120 months in Count 1 .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level:  35          Amended Offense Level:  33
Criminal History Category:  III      Criminal History Category:  III
Previous Guideline Range:  210 to 262 months   Amended Guideline Range:  168 to 210 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
❒ The reduced sentence is within the amended guideline range.
❒ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain):   The previous term of imprisonment imposed in Count One represented 58% of the low-end of the applicable guideline range at the time of the re-sentencing; however, further reductions are limited by the statutorily required minimum sentence, per USSG §5G1.1(c)(2). The term of imprisonment in Count Three is to be served concurrent with Count One since the Counts were grouped under USSG §3D1.3 for the sentencing calculations. This amended sentence for Count One does not affect the 30 month consecutive sentence previously imposed in Count Two regarding the violation of 18 U.S.C. § 924(c). The combined total sentence after this order is 150 months.

**III. ADDITIONAL COMMENTS**
Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation

Except as provided above, all provisions of the judgment dated  February 14, 2005  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  December 5, 2008

Effective Date: _____
(if different from order date)

Martin Reidinger
United States District Judge